## Case No. 15,703.

UNITED STATES v. McPHERSON.

[1 Cranch, C. C. 517.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

JURY—PEREMPTORY CHALLENGE.

Peremptory challenge not allowed in cases of larceny.

Indictment [against Daniel M'Pherson] for stealing, under the act of congress of April 30, 1790, § 16 (1 Stat. 116).

It was conceded by Mr. Morsell, for the prisoner, that he had not a right to peremptory challenge.

CRANCH, Chief Judge, and DUCKETT, Circuit Judge, were of opinion, but did not deliver it, that the prisoner was not entitled to a peremptory challenge. In the case of U. S. v. Carrigo [Case No. 14,735], at Alexandria, in January, 1802, it was refused by the court. Upon examining W. Cranch's notes in Washington, he could find no case in which it had been allowed in Washington. It has been lately allowed in Alexandria, by the assent of the attorney for the United States. It was never allowed in Mr Mason's time.

## Case No. 15,704.

UNITED STATES v. McPHERSON.

[1 Hayw. & H. 105.] [1]

Circuit Court, District of Columbia. 1842.

CONSTABLE—COLLECTING ILLEGAL FEE.

A constable was ordered to be dismissed from his office for collecting an illegal fee, unless he returned the same, and pay the cost of the rule served on him.

On the petition of William Hughes.

P. R. Fendall, for the United States.
James Hoban, for defendant.

The petitioner testified that Daniel McPherson wrongfully demanded and received from him two dollars and forty cents, which the petitioner charges that in doing so he acted illegally, extorsively and oppressively, and prays the court to order a rule on said McPherson to show cause, if any he can, why he should not be removed from his said office of constable. A rule was served on him in accordance with the prayer.

The following was also submitted to the court: The officer had a right to receive one dollar and twenty-five cents for the distrain and seven per cent., which on twelve dollars (the amount of rent due) would be ninety cents, provided the rent was paid within five days from the time the distrain was laid, and the cart hire, which is said to have been twenty-five cents; making the amount, the bailiff (or constable) is entitled to receive, $14.40. The bailiff (or constable) is bound by law to give Hughes (the tenant) the account of said bailiff receipted, and a statement of all the proceedings.

THE COURT ordered that Daniel McPherson be discharged from the office of constable unless he return to William Hughes $2.76, and pay the cost of this rule, on or before the 22d of September, 1842.

---

[1] [Reported by Hon. William Cranch. Chief Judge.]

26FED.CAS.—72

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton. Esq.]